# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IORDANKA KISSIOVA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 9812 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| BAYVIEW LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Bayview Loan Servicing, LLC ("Bayview") has moved to dismiss plaintiff Iordanka Kissiova's ("Kissiova's") amended complaint. The complaint does a poor job of articulating its theories and frequently fails to cite governing statutes, immensely confusing given the complexities (and countless sections) of the laws involved. The court has done its best but if it misconstrues the arguments, the affected party should move for reconsideration.

Plaintiff's original complaint was dismissed on Bayview's motion based on mootness. Bayview was servicing Kissiova's home mortgage loan, and when Kissiova experienced financial hardship, Bayview filed a mortgage foreclosure action against her in the Circuit Court of Cook County. Kissiova's original complaint was based on Bayview's failure to give her a loan modification, but shortly after her filing, the parties entered into a loan modification agreement and Bayview dismissed the foreclosure case.

In her response to Bayview's motion to dismiss the loan modification case, Kissiova made new arguments which took the recent loan modification into account. As this was improper (plaintiff cannot amend her complaint by raising new claims in response to a motion to dismiss), Kissiova was given leave to amend. The court stated: "In doing so, [Kissiova] should

1

consider what effect the loan modification has on her ability to pursue forward-looking relief based on the approximately two-month gap between her submission of the last TPP payment ["Trial Period Plan" in anticipation of a mortgage modification] on September 1, 2105, and Bayview Loan's November 6, 2015 letter offering her a permanent loan modification." (Order of June 28 at 3-4).

In her amended complaint, Kissiova does not plead any injury based on the delay in entering into the modification agreement, but complains instead about a $3,247.50 "corporate advance" fee listed as a charge on her new post-modification mortgage statement. Her amended complaint asserts four claims based on this fee. Count I is titled "Misrepresentation" and claims that Bayview violated state law when it falsely represented that Kissiova owed the corporate advance fee; Kissiova alleges she was damaged "through adverse credit reporting and having to incur filings [sic] fees, expenses, costs and other fees." Count II attempts to allege a violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692-1692p ("FDCPA"), claiming that Bayview was a debt collector and engaged in a false representation of the amount of Kissiova's debt when it told Kissiova she owed Bayview the corporate advance fee; Kissiova similarly claims that she was damaged "through adverse credit reporting and having to incur filings [sic] fees, expenses, costs and other fees." Count III attempts to allege a violation of the Illinois Consumer Fraud Act, claiming that Bayview engaged in deceptive practices prohibited under the Fair Debt Collection Practices Act when it told Kissiova she owed "a nonexistent debt known as a 'Corporate Advance' fee," a statement which Bayview knew to be false; Kissiova again alleges she "suffered damages through adverse credit reporting and having to incur filings [sic] fees, expenses, costs and other fees." Count IV attempts to allege an unspecified violation of the Fair Credit Reporting Act ("FCRA"), contending that Bayview "violated the Fair Credit

Reporting Act when it inaccurately reported Kissiova as delinquent for her refusal to pay the 'Corporate Advance' fee"; again, Kissiova alleges that she was damaged through adverse credit reporting.

Bayview argues that Kissiova's amended complaint represents theory-switching, improper given the scope of the court's order allowing her to amend. As much as the court in inclined to think what Kissiova has done *should* be against the rules (for one thing, it avoids the assessment of a new filing fee for what is essentially a new case), Bayview has cited no authority in support of its argument and the court is aware of none. Therefore, the court is compelled to conclude that this argument has been waived. *See, e.g., Formella v. Brennan,* 817 F.3d 503, 514 (7th Cir. 2016).

## **PREEMPTION**

Bayview argues that the FCRA preempts any state law (statutory or common law) that attempts to regulate the duty of companies that provide consumer information to credit bureaus . . ." *See Galper v. JP Morgan Chase Bank.* 802 F.3d 437, 441 (2d Cir. 2015). Plaintiff "admits that her state law claims stemming from inaccurate credit reporting are preempted by the FCRA" but argues that "her state law claims stemming from damages incurred as a result of the 'corporate advance fee' are not preempted because those damages do not stem from the inaccurate credit reporting." The court finds this argument perplexing to say the least, since each of Kissiova's claims alleges a causal relationship between these issues: that as a result of the wrongfully assessed corporate advance fee, she was damaged by inaccurate credit reporting. It is unclear what injury Kissiova is complaining about other than injury caused by inaccurate credit reporting.

The Seventh Circuit addressed the preemption issue in *Purcell v. Bank of America*, 659 F.3d 622 (7th Cir. 2011). Purcell filed a complaint alleging that Bank of America wrongfully told credit agencies that Purcell was behind in payments on a loan, raising federal and state law claims. The Seventh Circuit held that FCRA preemption applies to both state common and statutory law, and that the narrow class of preempted laws covered by §1681h(e) coexists with the wider ambit of preemption provided for in §1681t(b)(1)(F). *Id.* at 625. That latter section explicitly preempts state law claims regulating matters covered by §1681s-2, "relating to the responsibilities of persons who furnish information to consumer reporting agencies." *Purcell* involved an allegedly false statement relating to a mortgage loan that Bank of America, a furnisher of information to credit reporting agencies, provided to those agencies, causing injury to Purcell. The court sees little difference between the situation in *Purcell* and that in the case at bar, and the Seventh Circuit's decision that Purcell's state law claims were preempted dictates a similar result here.

The court must therefore dismiss Kissiova's state law claims (Counts I and III). If Kissiova believes she can allege a claim that is not preempted by the FCRA, she may amend within 30 days.

## PRIVATE RIGHT OF ACTION

Bayview argues for the first time in its Reply Brief that Count IV of the amended complaint, purporting to allege a violation of the FCRA, must be dismissed because the FCRA does not provide for a private right of action. Since Kissiova has provided no statutory citation for her FCRA claim, it is difficult to be certain of what statute she is relying on and what its limitations are, although she asserts in her Response Brief that Bayview violated §1681s-2(a)(2). Response at 13. It is well-established that §1681s-2(a) does not provide a private right of action.

*Gulley v. Pierce & Associates*, 2010 WL 5060257 (N.D. Ill. Dec. 6, 2010), at *4 ("Section 1681s-2(a) establishes the 'duty of furnishers of information to provide accurate information.'. . . This section does not provide for a private right of action by a consumer against a furnisher of information like U.S. Bank") (citations omitted); *Schlotfeldt v. Wells Fargo Home Mortgage, Inc.*, 2016 WL 406341, *3 (N.D. Ill. Feb. 3, 2016) (" . . . section 1681s-2(a) does not provide a private right of action by a consumer against a furnisher . . . .").

15 U.S.C. §1681s-2(b), to the contrary, does provide for a private right of action. *See Schlotfeldt, supra* at *3. 15 U.S.C. §1681s-2(b) is triggered, however, only when a furnisher has been provided with notice by a CRA of a dispute pursuant to section 1681i(a)(2). *See Gulley, supra* at *4. The court has found no allegation that Bayview was given the required notice. Accordingly, whether because there is no private right of action or because Kissiova has failed to fulfill the requirements for stating a private cause of action, Count IV is dismissed.

In dismissing this count, the court repeats that Bayview raised the private right of action issue only in its response brief, giving Kissiova no opportunity to respond. If Kissiova believes the court has made an error in holding either that she has no private right of action or she has not fulfilled the requirements for stating a private right of action, she should request reconsideration.

### COUNT II: FAIR DEBT COLLECTION PRACTICES ACT

Count II of Kissiova's amended complaint is brought under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692-1692p ("FDCPA"). Kissiova alleges that Bayview was a debt collector who engaged in the false representation of the amount of the alleged debt owed to it by Kissiova, specifically, stating to Kissiova that she owed Bayview the corporate advance fee.

Bayview asserts, correctly as this seems to be Kissiova's habit, that Kissiova has failed to allege which section of the FDCPA she claims Bayview violated. Presumably, Kissiova believes

the defense and the court should read the entire statute and try to figure out what her theory is. This is wholly improper, and the court will not attempt to come up with a theory for her. In her response brief, however, she cites 15 U.S.C. §1692(a). That section is not much help, however, given that it is a definition of "abusive practices," not a description of a cause of action.

Bayview invites the court to study the legislative history, as well as an out-of-circuit case, to reach the conclusion that Bayview is not a debt collector, inasmuch as Kissiova's debt was not in default when Bayview acquired it. Plaintiff responds by attaching a copy of Bayview's Complaint to Foreclose Mortgage, and asks the court to take judicial notice of the fact that the debt was in default as of February 1, 2014, at the time when Bayview acquired the debt. Bayview argues that the relevant portion of the exhibit does not establish what Kissiova claims it does.

The court is not inclined to take judicial notice of an unauthenticated copy of a document attached as an exhibit to a motion. Nor is the court inclined to try to follow the parties' arguments when they have not even cited to the portions of the exhibit their arguments rely on. If plaintiff wishes to allege information found in the Mortgage Foreclosure Complaint, plaintiff should do so in an amended pleading, together with pin citations to the portion of the exhibit on which she relies. That approach will obviate the problems Bayview raises in its reply brief, besides giving the court much needed guidance in following the parties' arguments.

Count II is thus dismissed with leave to replead within 30 days.

## **CONCLUSION**

Counts I and III are dismissed because they are preempted by the FCRA. Count IV is dismissed because either the relevant statute provides no private cause of action or because plaintiff has failed to allege the requirements necessary to state a private cause of action. Count II is dismissed with leave to replead.

Plaintiff is cautioned to make clear at all times the statutory section on which she relies and to make sure that she has a Rule 11 basis for any allegations. Should the court confront another motion to dismiss, all arguments superficially presented will be deemed waived. These issues are complex, and the court will not do the parties' research for them.

Date: March 8, 2017 /s/
Joan B. Gottschall
United States District Judge